UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| EDDIE STEVEN PEEBLES<br><br>    *Plaintiff,*<br><br>v.<br><br>ADM SOUTHERN CELLULOSE,<br><br>    *Defendant.* | Case No. 1:06-CV-228<br>Chief Judge Collier |

# **MEMORANDUM**

Before the Court are Defendant ADM Southern Cellulose's ("Defendant") motion to dismiss (Court File No. 14) *pro se* Plaintiff Eddie Peebles' ("Plaintiff") age-discrimination claim and motion for summary judgment (Court File No. 31) with a memorandum in support (Court File No. 32). Plaintiff filed a response (Court File No. 33) to Defendant's motion,[1] and Defendant, in turn, filed a reply (Court File No. 34) to Plaintiff's response[2] and an affidavit (Court File No. 35) in support of the response. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 14) and motion for summary judgment (Court File No. 31).

---

[1]Plaintiff titles his motion as a "Motion in Limine, Dispositive motion under Fed. R. Civ. P. 12, Motion for summary judgment pursuant to Fed. R. Civ. P. 56, and additions/supplements." However, the "motion" does not appear to meet the definition of any of these motions. This is because the "motion" does not ask for any relief. Therefore, the Court will interpret Plaintiff's "motion" as a response to Defendant's motion for summary judgment.

[2]Since the Court is interpreting Plaintiff's filing as a response to Defendant's motion, the Court will interpret Defendant's filing as a reply to Plaintiff's response.

I.   **RELEVANT FACTS**

From the pleadings filed in this case, the Court has determined the undisputed facts to be as follows.  Plaintiff began working for Defendant as an entry-level laborer at Defendant's Chattanooga, Tennessee facility in late November 2005 (Court File No. 31, Ex. A, Declaration of Jeff Buchwald ("Buchwald Decl."), at ¶ 3; Ex. B, Deposition of Eddie Peebles ("Peebles Dep."), Pt. 1, at 43:3-5).  Laborers are assigned various tasks throughout the plant, including cleaning functions (Buchwald Decl. at ¶ 3).  Plaintiff was hired as a probationary employee, which means he was under a 90-day probationary period (Buchwald Decl. at ¶ 6; Peebles Dep., Pt. 1, at 44:20-45:5).

Plaintiff, like all probationary employees, was evaluated on safety, attendance, willingness to stay past the end of his shift or to come in early when needed, attitude, whether he did what he was instructed to do, the quality of his work, and whether he stayed busy (Buchwald Decl. at ¶ 8; Court File No. 31, Ex. C, Declaration of Danny Herrera ("Herrera Decl."), at ¶ 3).  Danny Herrera ("Herrera") was Plaintiff's supervisor, and Herrera, in turn, reported to Jeff Buchwald ("Buchwald"), the plant superintendent (Herrera Decl. at ¶¶ 6-7).

During Plaintiff's probationary period, Herrera conducted weekly evaluations of Plaintiff's performance, beginning the week ending December 11, 2005 (Buchwald Decl. at ¶ 7; Peebles Dep., Pt. 1, at 59:3-60:8).  During Plaintiff's first three weeks, Herrera gave Plaintiff an overall performance rating of "average."  (Herrera Decl. at ¶ 10).  By January 1, 2006, Plaintiff's overall performance was rated as "needs improvement," and he was given "poor" ratings in four of the seven categories (safety, attitude, does what he is told, and quality of work) and "needs improvement" in another category (stays busy) (*id.* at ¶ 11).  By mid-January, Plaintiff's overall performance was rated between "poor" and "needs improvement," and he received a rating of "poor"

in five of seven categories (stays late/comes in early, attitude, does what he is told, quality of work, and stays busy) (*id.* at ¶ 12). In light of these evaluations,[3] Herrera felt Defendant should not retain Plaintiff (*id.* at ¶ 13), so he reported Plaintiff's deficiencies to Buchwald (Buchwald Decl. at ¶ 9; Herrera Decl. at ¶ 15). After reviewing Plaintiff's performance with Herrera, Buchwald determined Plaintiff did not possess the skills to succeed at ADM (Buchwald Decl. at ¶ 10; Herrera at ¶ 5). As a result, Buchwald terminated Plaintiff's employment on January 17, 2006 (Buchwald Decl. at ¶ 11).

After he was terminated, Plaintiff filed a charge of discrimination on February 23, 2006, alleging race and age discrimination (Court File No. 1, Exs. to Peebles Compl.). The Equal Employment Opportunity Commission ("EEOC") issued a dismissal and notice of rights to Plaintiff on or about August 28, 2006 (*id.*). Plaintiff filed a *pro se* complaint in this Court on October 20, 2006, alleging he was "wrongfully terminated," "harassed by the supervisors," and "discriminated against because of [his] age and because [he] [i]s black." (*See* Court File No. 1, Compl., at p. 12). During his deposition, however, Plaintiff stated he was wrongfully terminated because he is unmarried and has no children (Peebles Dep., Pt. 3, at 119:16-123:16; 126:14-21; 159:22-160:8). He also stated he had claims for an "integrity violation" and hostile work environment (*id.* at 126:22-127:11). Defendant moves for summary judgment on all of these claims.[4]

---

[3]Although Plaintiff disputes the accuracy of these evaluations, he does not dispute they exist.

[4]Plaintiff admitted during his deposition he did not have an age-discrimination claim because he is not at least 40 years old (Peebles Dep., Pt. 3, at 157:8-160:8). However, the Court will still address this claim in Defendant's motion to dismiss and will not rely on this statement since the Court must look only to the complaint when resolving a motion pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and determine whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citations and quotation marks omitted). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

### B. Motion for Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. *Id*. at 252. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III.     DISCUSSION**

   **A.     Motion to Dismiss**

Defendant argues Plaintiff's age-discrimination claim should be dismissed because Plaintiff is not protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The protection provided by the ADEA is "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

In his complaint, Plaintiff states he is 27 years old. Since he was not at least forty years old during his employment with Defendant, he is not protected by the ADEA. Accordingly, his age-discrimination claim will be **DISMISSED**.

   **B.     Motion for Summary Judgment**

      **1.     Wrongful Discharge**

Defendant moves for summary judgment on Plaintiff's wrongful discharge claim. As cause, Defendant states Plaintiff's wrongful discharge claim is not cognizable under federal or state law since the basis of his claim is he was terminated because he is unmarried and does not have any children. Plaintiff's response does not address this argument; rather, Plaintiff appears to argue Defendant created false reports, i.e., the evaluations of his job performance were not authentic, and accuses Defendant of "using [him] for temporary labor." (Court File No. 33, Plaintiff's Response, at 3). Since Plaintiff did not identify what statute or law he was relying on to bring this suit, the

Court will examine whether Plaintiff has a case under the statutes and laws identified by Defendant in its motion.

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, is a federal statute prohibiting employment discrimination. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2(a)(1). As is evident by the plain language of the statute, unmarried employees and employees without children, are not considered a protected class. Likewise, the Tennessee Human Rights Act ("THRA"), Tenn. Code. Ann. § 4-21-101 *et seq.*, the Tennessee state-law equivalent of Title VII, provides no protection for unmarried employees or employees with no children. Instead, the THRA prohibits discrimination based on "race, creed, color, religion, sex, age or national origin." Tenn. Code. Ann. § 4-21-102(3) and § 4-21-401(a)(1). Moreover, the Court could not ascertain a common law action for wrongful discharge due to an employee being unmarried and without children. Accordingly, the Court will **GRANT** Defendant's motion, and Plaintiff's claim for wrongful discharge will be **DISMISSED**.

### 2. Hostile Work Environment

Defendant moves for summary judgment on Plaintiff's hostile work environment claim, arguing Plaintiff's allegations fall short of establishing such a claim. Specifically, Defendant contends (1) the conduct alleged by Plaintiff was not severe and pervasive; and (2) even if it could be determined Plaintiff was subjected to a racially hostile work environment during his employment, Defendant should not be held liable. Plaintiff's response does not directly address these claims; rather, it merely argues the evaluations of Plaintiff's job performance were false.

7

To establish a prima facie case of hostile work environment based on race under Title VII, the plaintiff must show: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment had the effect of unreasonably interfering with his work environment by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable for such conduct. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001). "A hostile work environment occurs '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 463 (6th Cir. 2000) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The workplace environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 21-22).

To determine whether there was a hostile or abusive work environment, the Court must look at the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 787-88 (internal quotations omitted). "[T]he issue is not whether each incident of harassment *standing alone* is sufficient to sustain the cause of action in a hostile environment case, but whether-taken together-the reported incidents make out such a case." *Bowman*, 220 F.3d at 463 (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999)). Isolated incidents alone must be extremely serious to serve as a basis for liability. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 790

(6th Cir. 2000).

Defendant does not dispute Plaintiff belongs to a protected group. Defendant does dispute whether Plaintiff was subjected to severe or pervasive harassment and even if he was, whether Defendant should be held liable.

### a. Severe or Pervasive

During his deposition, Plaintiff pointed to several incidents, which he believes supports his claim for a racially hostile work environment. First, Plaintiff stated that when Buchwald, a white man, escorted him off the premises after he was terminated, Buchwald told Plaintiff he had not stolen anything. In Plaintiff's view, this was a "bigotry statement." (Peebles Dep., Pt. 3, at 104:3-4). Second, Plaintiff recalled an incident where Tammy Coffman, a white, female coworker, told him, "I don't have time for that S-H-I-T[.]" (*id*. at 150:6).[5] According to Plaintiff, this comment was racial because "you're supposed to talk to a child or a teenager like that on a job, not a grown man." (*id*. at 150:14-19). Third, during one of his shifts, Plaintiff asked a white employee about scrap material that needed to be moved to a dumpster, and the employee responded by saying "two scoops." (*id*. at 151:3-153:14). Finally, Plaintiff stated Herrera gave him a disapproving look when he was working the forklift (*id*. at 153:15-157:8).

As noted above, the hostile work environment inquiry has both objective and subjective components. *Williams*, 187 F.3d at 566. Thus, the Court must ask whether a reasonable person would find the work environment objectively hostile, and whether the plaintiff found the offending conduct to be "severe or pervasive." *Id*. at 568. While Plaintiff subjectively perceived these

---

[5]It is unclear from the deposition testimony the context within which this statement was made.

9

incidents to be offensive, he did not express a belief that the incidents were severe or pervasive. Even if Plaintiff had such a subjective belief, the Court finds the incidents could not be objectively perceived as hostile, racially motivated, or harassment. All of the comments and/or incidents described by Plaintiff were innocuous, and as such, they do not provide support for a hostile work environment claim. *See Oncale v. Sundowner Offshore Serv., Inc*., 523 U.S. 75, 81 (1998) (noting Title VII should not be expanded into a general civility code, and as such it "does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex."). Furthermore, the incidents were infrequent and non-racial. Since Plaintiff cannot establish the work environment was severe or pervasive, Plaintiff cannot establish a prima facie case for a hostile work environment. Thus, there is no need to reach the issue of employer liability. *See Newman*, 266 F.3d at 405-06 (noting the court need not address arguments regarding the existence of employer liability because the plaintiff lacked evidence of a subjectively hostile work environment, and thus could not establish a prima facie case).

## IV. CONCLUSION

For the reasons stated above, the Court finds Plaintiff's age-discrimination claim should be **DISMISSED**. Moreover, because there is no genuine issue as to any material fact with respect to Plaintiff's wrongful discharge and hostile work environment claims, the Court will **GRANT** Defendant's motion for summary judgment. Accordingly, Plaintiff's complaint will be **DISMISSED**.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**